IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06 CR 174-3 |
| ) | |
| ERNEST MYERS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM ORDER

Ernest Myers has filed a pro se document captioned "Motion To Show Cause Pursuant to the Due Process Clause and 28 U.S.C. 2255." Although our Court of Appeals has affirmed Myers' conviction and sentence following a jury trial (569 F.3d 794 (7th Cir. 2090)), his current filing concludes by saying that he "was denied a fair and impartial trial by jury and adjudication by the seventh Circuit Court of Appeal[s] due to lack of complete discovery."

But even when examined through the generous lens prescribed by Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam) for reading pro se filings by persons in custody, Myers' submission does not pass muster. What he has done is to list a whole series of matters as to which he asks this Court to order the United States Attorney's Office to show cause, but without his having identified what constitutional deprivations he has assertedly suffered that would be cognizable under Section 2255.

Those requests really put the cart before the horse. If

Myers indeed believes that his constitutional rights have been violated, he must file a Section 2255 motion setting out the respect or respects in which that is assertedly the case. If he does so, this Court will promptly assess the matter in accordance with the Rules Governing Section 2255 Proceedings for the United States District Courts, and its determination on that score will govern any future proceedings in the matter.

In the meantime, Myers' current "Motion To Show Cause" is denied without prejudice. Myers should of course be mindful of the one-year limitation period that is established by Section 2255(f).

_____
Milton I. Shadur
Senior United States District Judge

Date: May 11, 2010