IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  06 CR 174-3
                               )
ERNEST MYERS,                  )
                               )
          Defendant.           )

                      MEMORANDUM ORDER

    Ernest Myers ("Myers") was convicted on a charge of attempted arson under 18 U.S.C. §844(i) following a jury trial before this Court, and his conviction was then affirmed by our Court of Appeals in an opinion reported at 569 F.3d 794 (7th Cir. 2009).  On May 3, 2010 Myers filed a pro se document captioned "Motion To Show Cause Pursuant to the Due Process Clause and 18 U.S.C. 2255," and this Court then issued a brief May 11 memorandum order explaining the inadequacy of that document and stating that Myers needed to file a proper 28 U.S.C. §2255 ("Section 2255") motion if he wished to assert that his constitutional rights had been violated.

    Now Myers has come forward with still another pro se submission, this one captioned "Motion for Polygraph Pursuant to Procedural Due Process Under the Fifth and Foruteenth [sic] Amendment Inclusive of 101, 102, and 401 of the Federal Rule of Civil Procedure and 28 U.S.C. 2255."  Because the May 11 message didn't seem to register with Myers, and because this Court has no

desire to see him run into a limitations problem under Section 2255(f)(1) due to his tendency to take the wrong path, Myers' current filing will be construed as a Section 2255 motion that charges (1) subornation of perjury by the two Assistant United States Attorneys whom he has named and (2) constitutionally inadequate representation by Myers' own counsel.

It should be emphasized however that this generous reading of Myers' filing is purely procedural--it is adopted solely to spare Myers the prospect of running afoul of the one-year limitation on Section 2255 motions. This Court certainly makes no finding, nor does it express any presumptive determination, that Myers' claims are valid or even tenable.

Accordingly Myers' directly-advanced motion for the appointment of a "polygraph expert" and for the ordering of polygraph tests is denied. Instead, as contemplated by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the United States Attorney is ordered to file an answer, motion or other response on or before June 30, 2010. And because of the nature of Myers' second contention, that response is ordered to be accompanied by an appropriate submission and affidavit by Myers' trial counsel addressing that second contention.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 19, 2010

2